**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LORRAINA M. RAKES, | CASE NO. 1:24-CR-18-HAB |

## OPINION AND ORDER

Before the Court is Defendant, Lorraina M. Rakes ("Rakes'") *pro se* Motion to remove supervised release condition 23 from her judgment ("the Motion") (ECF No. 58). As is customary for such requests, the Court directed the Probation Office to file a report in response and include in the report the Government's position regarding the Defendant's motion. (ECF No. 59). Probation filed its report on August 6, 2026. (ECF No. 60). The report specifically noted the Government's objection to the Motion. Upon review of Rakes' motion and the Probation Report, the Court denies the request for removal of condition 23 of supervised release.

## PROCEDURAL BACKGROUND

Rakes pleaded guilty to Count 3 of the Indictment, charging her with transferring or disposing of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d)(1). Following her guilty plea, the Court imposed a sentence of 3 years imprisonment followed by 3 years of supervised release. At sentencing, the Court amended the Court's Notice of Proposed Conditions of Supervised Release to include the following condition:

> 23. Within 10 business days from commencement of supervision, the Defendant shall reside at a halfway house, residential treatment facility, or transition living facility that has been approved by the United States Probation Office and comply with all program rules.

During the sentencing hearing, the parties specifically addressed including this condition. For its part, the Government stated:

> GOV'T: I think we've discussed…in Chambers … not just doing the programming in the BOP, but I think she definitely needs a higher level of supervision when she gets out, which is why we talked about the possibility or recommendation that she go to a halfway house, to help her transition, to help her make healthier decisions, healthier relationships so that she can stand up on her own, be a good mother, support her child and hopefully develop a health[y] relationship.

(Sentencing Hearing, ECF No. 57 at 20).

In response, Rakes' counsel noted:

> DEFENSE COUNSEL: Your Honor, I do commend Ms. Rakes for also be[ing] willing to add in that condition or request that condition of a halfway house. I think a lot of defendants in her position would be looking for the easiest way to get out of all of this, to get out from the system's purview. And the fact she's requesting programming aimed at rehabilitation, programming aimed at oversight, I think, highlights her want to be better and do better.

(ECF NO. 57 at 22). Given these arguments by counsel, the Court determined it was appropriate to Rakes' circumstances to require her placement in a halfway house.

Rakes served her term of imprisonment at Waseca Federal Correction Institute where she earned her GED and engaged in other programming.[1] On April 21, 2026, she transitioned to the Federal Location Monitoring (FLM) Program. While on location monitoring, she inquired about purchasing a house and Probation reminded her of condition 23 of her supervised release conditions. While on FLM, Rakes resided with a friend and was an online student at Stratford Career Institute, Mount Royal, Quebec, Canada. On July 14, 2026, she earned a Medical Office Assistant diploma

[1] Probation's report indicated that Rakes provided no verification of her programming and reported that she "threw away" all her BOP certificates because they meant nothing to her.

from that institution.[2] She was also enrolled in Ross Medical Education Center as a full-time student beginning on June 4, 2026. Probation reports that Dr. Timothy Bussick, DDS MS, wrote a letter indicating that Rakes' job shadowed and interviewed with his office. She is being considered for a potential job with his office once she completes her dental studies through Ross Medical Education Center.

Rakes completed an Individualized Service Plan at Northeastern Center in Angola, IN. Following that assessment, she was recommended for individual therapy, case management, Moral Recognition Therapy Group, and Dialectical Behavior Therapy. Rakes declined medication management.

On July 23, 2026, Rakes transitioned to her 3-year term of supervised release. At her initial appointment with Probation, Rakes admitted to repetitive marijuana use. On July 29, 2026, Rakes reported that she had signed a one-year lease at 824 Huestis, Fort Wayne, IN, despite her awareness of the halfway house condition. Although she told Probation that she did so because she knew no one who would allow her to live with them, Probation contacted the individual Rakes lived with during FLM and was informed that Rakes left unexpectedly. Rakes filed the current motion to remove the halfway house condition prior to signing that lease.

## DISCUSSION

Title 18 of the United States Code, Section 3583(e) governs both early termination and modification of terms of supervised release. The Court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" after considering several 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e)(2).

---

[2] Stratford Career Institute does not hold any regional or national educational accreditation recognized by the U.S. Department of Education or any Canadian accreditation agency. (Probation Report, pp. 1-2

The Seventh Circuit has consistently recognized that "just as a district court has wide discretion when imposing the terms of supervised release ... so too must it have wide discretion in modifying the terms of that supervised release." *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002).

Any modification of a supervised release condition must be reasonably related to the relevant § 3553(a) factors, impose no greater deprivation of liberty than reasonably necessary, and remain consistent with applicable Sentencing Commission policy statements. 18 U.S.C. § 3583(d). Having reviewed Probation's report and the sentencing transcript, the Court declines to modify the halfway house condition. Although Rakes has made some strides in her rehabilitation process by completing programming and focusing on her education, she continues impulsive decision-making and shows some concerning signs of recalcitrance in her early interactions with Probation, i.e. admitting to marijuana use and lying about her housing situation. This is consistent with the conduct that led the Court to amend her conditions at sentencing to add a halfway house condition. *See id.* § 3553(a)(1) (requiring court to consider "history and characteristics of the defendant"); *id.* § 3553(a)(2)(A) (requiring court to consider need "to promote respect for the law"); *id.* § 3553(a)(2)(B) (requiring court to consider need "to afford adequate deterrence to criminal conduct"); *id.* § 3553(a)(3) (requiring court to consider "the kinds of sentences available"). Because the Court continues to believe that the halfway house condition is appropriate and reasonably related to the rehabilitative goals of §3553(a)(2)(D), the Court DENIES Rakes' request to modify condition 23. (ECF No. 58).

**SO ORDERED** this 8th day of September 2026.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT